# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 95-KA-01004 COA

**DONTELLUS FUNCHESS**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                  **APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 09/08/95 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED III |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CT I AND CT II ARMED ROBBERY: CT I 25 YRS WITH 15 YRS SUSPENDED AND 10 YRS TO SERVE: CT II 25 YRS WITH 20 YRS SUSPENDED AND 5 YRS TO SERVE; CT II RUNS CONSECUTIVE TO CT I |
| DISPOSITION: | AFFIRMED - 9/23/97 |
| MOTION FOR REHEARING FILED: | 9/25/97 |
| CERTIORARI FILED: | 11/12/97 |
| MANDATE ISSUED: | 2/24/98 |

BEFORE McMILLIN, P.J., COLEMAN, AND PAYNE, JJ.

McMILLIN, P.J., FOR THE COURT:

Dontellus Funchess was convicted by a jury in the Circuit Court of Hinds County of two counts of armed robbery. Funchess appeals his conviction and sentence to this Court raising four issues. After reviewing the record, we have concluded that these issues are without merit, and therefore, we affirm.

## I.

### Facts

Bill Moore and Kelsey Bryant were robbed at gunpoint by five black males. The robbers assaulted Moore with a pipe, breaking several ribs. They made away with Bryant's jewelry and purse and Moore's wallet, car phone, and pager. Two of the robbers fled the scene in Bryant's automobile, a 1993 white Volvo. The next day, Moore and Bryant chanced to observe Bryant's vehicle on a business parking lot, but the occupants, finding themselves under observation, sped away. Moore attempted to give chase but ultimately stopped and telephoned the police. A police unit on patrol located the vehicle. Realizing they had been discovered once again, the occupants of the vehicle jumped from the car while it was still rolling and attempted to flee. All of the occupants were apprehended, and among them was the defendant Funchess, who was found to be in possession of Moore's cellular telephone. Funchess was indicted on two counts of armed robbery, one as to Moore and one as to Bryant, and was convicted on both counts.

His defense consisted primarily of several alibi witnesses, all of whom testified to his presence elsewhere during the time of the robbery. He explained his presence in the automobile the next day as being merely an excursion with friends who told him they had rented the vehicle. He claimed to have found the telephone in the back seat of the car during the outing and admitted to taking it without permission, contending that this act, though perhaps wrongful, in no way implicated him in the robbery of the previous day.

We will now proceed to consider the issues raised by Funchess which he claims warrant reversal of his conviction.

## II.

### Prosecutorial Misconduct

Funchess claims that an overzealous prosecutor repeatedly attempted to interject inadmissible and inflammatory matters into the trial in order to prejudice him in the eyes of the jury. He claims that the cumulative effect of these wilful and improper acts deprived him of the fundamental right to a fair trial. While this Court does not condone the actions of the prosecuting attorney in any of the instances complained of, we have determined that the trial court acted properly to minimize any prejudice, thereby avoiding the necessity of declaring a mistrial. We do not find the matters, either singly or in the aggregate, so egregious as to require this Court to conclude that the trial judge abused its discretion in denying a mistrial or a new trial motion based on prosecutorial misconduct.

### A.

### Prior Involvement with Law Enforcement

While questioning one police officer, the prosecuting attorney inquired whether the officer had known Funchess prior to his arrest. The question appears to have been calculated to intimate to the jury that Funchess had been involved in prior incidents with the police. That fact was probative of nothing in regard to his guilt on the charges being tried and was certainly prejudicial and improper. However, the trial court promptly sustained an objection to the question, and we do not find that the improper inquiry merits reversal.

## B.

### Accusation of Other Crimes

Funchess, after fleeing from the vehicle, was found attempting to hide in an office building. During cross-examination, Funchess denied that he was trying to hide when he was apprehended. The prosecuting attorney then asked him if he was trespassing when he entered the building. The relevance of this question completely escapes this Court. It was an inquiry into another uncharged crime, the commission of which did nothing to make Funchess's involvement in the previous day's armed robbery either more or less likely. Nevertheless, the trial court sustained an objection to the question, and we do not conclude that this rather pointless badgering by the State, though certainly not exemplary prosecutorial conduct, was so prejudicial as to warrant a mistrial.

## C.

### Rhetorical Questions Concerning Possible Alternate Conduct

In its cross-examination of Funchess, the State inquired as to why, if Funchess truly had no involvement in any criminal activity, he fled the police the next day instead of surrendering the telephone to the officers and protesting his ignorance of the reason for the police interest in the Volvo automobile. Funchess claims this inquiry amounted to an improper comment on his constitutional right to remain silent in the circumstance. At trial, Funchess promptly objected to this inquiry and the objection was sustained. We do not find this exchange particularly prejudicial. Unexplained flight is, in itself, considered probative evidence of guilt. *Reynolds v. State,* 658 So. 2d 852, 856 (Miss. 1995). The State is certainly entitled to present proof of flight, and we can discern no reason why the State may not further inquire as to the reasons for the flight to affirmatively demonstrate to the jury that there was no reasonable explanation for the flight. To the extent that the State exceeded that privilege by demanding that Funchess explain why he did not volunteer information he deemed exculpatory, any prejudice was cured by the trial court's ruling sustaining the objection.

## D.

### Improper Closing Argument

During summation, the State advanced the proposition that, if the jury accepted Funchess's argument

that the victims were so frightened at the time of the crime that their eyewitness identification of him was not trustworthy, then Funchess would be escaping punishment solely based on his ability to terrorize his victims. This circuitous argument is illogical and could reasonably be considered inflammatory. However, the trial court promptly sustained an objection to this argument and directed the jury to disregard the comments. We find that this was sufficient to cure the problem created by this argument and do not conclude that the trial court erred in subsequently denying Funchess's motion for mistrial.

## III.

### Photographic Lineup Identification

Funchess complains that his identification by both victims from a photographic lineup was tainted and should not have been admitted into evidence. He claims that the photographs all contained numbers at the bottom that included dates and that Funchess's picture indicated the date that he was arrested. The other photographs all had different dates, most being some months prior to the incident. Funchess argues that consideration of these dates singles him out as being the most likely one in the lineup to be suspected of involvement in this crime. This Court has conducted an inspection of the photographic lineup sheet. The photographs all consist of "mug shot" photographs that include the typical identification placard placed under the person's countenance and containing the name of the law enforcement agency and other necessary identification inserted into the placard with small white plastic letters and numbers. Each of the photographs has one line that consists of a series of numbers that seem random at first glance, but which end with numbers that, on closer inspection, reveal a date. For example, the number under Funchess's photograph was 04547 2 8 94, and Funchess was, in fact, arrested on February 8, 1994.

We are unconvinced that these facts, standing alone, render the lineup untrustworthy on the proposition that both defendants picked out Funchess by virtue of his arrest date rather than his facial characteristics, and we decline to reverse the conviction on this basis. The dates do not prominently appear and are not readily recognizable as being a date. In fact, some of the photographs have unexplained extraneous numbers inserted into the date sequence. Even were the numbers recognized by those viewing the lineup as being a calendar date, there is no further information concerning the significance of the date or otherwise linking the person in the photograph to the crime under investigation.

Funchess also claimed that he was the only one in the lineup with short hair, thereby improperly singling him out based on this atypical physical characteristic. We find that proposition factually inaccurate based upon our inspection of the lineup. The individuals in the photographic lineup all had facial characteristics, including hair cut style, sufficiently similar that no one appeared to be conspicuously singled out in the manner proscribed by *York v. State,* 413 So. 2d 1372, 1383 (Miss. 1982).

## IV.

## Weight of the Evidence

Funchess claims the trial court erred in denying his motion for a new trial based on a claim that the verdict was against the weight of the evidence. The trial court may grant a new trial on this basis only if it is convinced that the verdict is so against the weight of the evidence that it would be manifestly unjust to permit the verdict to stand. *Burrell v. State,* 613 So. 2d 1186, 1191 (Miss. 1993). On appeal, we may disturb the trial court's decision to deny such a motion only if we are convinced that the trial court abused its discretion in denying the motion. *Veal v. State,* 585 So. 2d 693,695 (Miss. 1991). In our deliberation, we must review all of the evidence and view it in the light most favorable to sustaining the verdict. *Strong v. State,* 600 So. 2d 199, 204 (Miss. 1992).

Under that standard of review, we conclude that the eyewitness identification of Funchess, together with his subsequent discovery the next day in the vehicle stolen during the robbery and in possession of one victim's cellular telephone, together with his unexplained flight when approached by police officers the day after the robbery, was evidence upon which the jury could reasonably convict. The credibility of his alibi witnesses was a matter committed to the jury for resolution as the trier of fact. The testimony of those witnesses was not so credible as to suggest that the jury abused its discretion when it elected to reject that evidence. This issue is without merit.

## V.

## Sentence

As his final assignment of error, Funchess argues that his sentence was too harsh when compared to the sentences received by his co-defendants. Under count one of the indictment, Funchess was sentenced to twenty-five years with fifteen years suspended and ten years to serve. Under count two of the indictment, Funchess was sentenced to twenty-five years with twenty years suspended and five years to serve consecutively to count one. One of his co-defendants, who was fourteen years old, had his case remanded to the youth court, and his other co-defendant pled guilty before another judge to armed robbery and was sentenced to five years with two years suspended. The supreme court has held that when a sentence is within the limits defined in the statute,

the imposition of the sentence is within the sound discretion of the trial court, and it should not be overturned. *Hopson v. State,* 625 So. 2d 395, 404 (Miss. 1993). A jury upon convicting a defendant of armed robbery is entitled to set his penalty at life in prison. *See* Miss. Code Ann. § 97-3-79 (Rev. 1994). When the jury does not fix a penalty of life in prison, the court shall set the penalty for a term of not less than three years. *Id.*

At the time of his conviction, Funchess was only ordered to serve a total of fifteen years of his fifty year sentence. At the sentencing hearing, the judge noted that though Funchess was one of the less violent of the assailants, he appeared to be the leader of the robbers. The judge additionally noted that Funchess was several years older than his co-defendants, who had received lighter sentences. After considering the violent manner in which the crime was carried out and the fact that the sentence was within the statutory guidelines, we cannot conclude that the court erred in the sentence that it

imposed.

**THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF TWO COUNTS OF ARMED ROBBERY AND SENTENCE OF TWENTY FIVE YEARS WITH FIFTEEN YEARS SUSPENDED AND TEN YEARS TO SERVE ON COUNT ONE; SENTENCE OF TWENTY-FIVE YEARS WITH TWENTY YEARS SUSPENDED AND FIVE YEARS TO SERVE ON COUNT TWO TO RUN CONSECUTIVE TO COUNT ONE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**